### 14160. LITTLE *v.* STATE OF GEORGIA.

JENKINS, P. J. 1. The provisions of the prohibition statute (Park's Code Supp. 1917, § 448 (oooo) ), rendering contraband all apparatus or appliances used or about to be used for the purpose of distilling or manufacturing intoxicating liquors or beverages, or for the purpose of holding or containing the same, and requiring sheriffs, deputy sheriffs, and other executive officers of this State to destroy the same summarily without any formal order of court, refer to such apparatus or appliances as may be then used or about to be used directly in some process connected with the manufacturing or with the holding or containing of such liquors or beverages. It does not render contraband and subject to summary destruction any goods or articles which may be contemporaneously and incidentally used by one violating the statute by making or distilling liquor, but whose use and purpose do not directly relate or pertain to any process of manufacturing or to the containing of such liquors or beverages. But where an apparatus or appliance is thus directly employed or is about to be employed in some of the actual processes of converting materials into intoxicating liquors or beverages, the mere fact that the apparatus or appliance may be employed for some good and lawful purpose does not prevent it from being rendered contraband or render it immune from summary destruction.

2. The statutory provisions referred to, relating to the seizure, condemnation, and sale of " all vehicles and conveyances of every kind and description which are used on any of the public roads or private ways of this State, and all boats and vessels of every kind and description which are used in any of the waters of this State, in conveying any liquors or beverages, the sale or possession of which is prohibited by law," being a summary process and in derogation of the common law, must be strictly construed, and cannot be extended or enlarged by implication. Such seizures, condemnations, and sales, with the application of the proceeds arising therefrom, as provided by the terms of the section referred to, are limited by the provisions of the statute itself to seizures and sales of vehicles and conveyances used in conveying intoxicating liquors and beverages over or along any of the public roads, private ways, or waters of this State; and the statute fails to give any like authority for the seizure, condemnation, sale, and application of the proceeds therefrom of any other goods, articles, or appliances, even though rendered contraband and subject to summary destruction by reason of having been used or having been about to be used directly in some process connected with the manufacturing or containing of intoxicating liquors.

3. The proceeding for condemnation and sale being taken under au-

thority of and in pursuance of the statutory provisions referred to above, and not being authorized by the same, the petition should have been dismissed on demurrer. Whether a suit would lie to condemn for public use such of the property as might be shown to have become contraband is not a question involved in the present proceeding. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED MAY 21, 1923.

Condemnation under liquor law; from McIntosh superior court — Judge Sheppard. October 30, 1922.

In this proceeding it was sought to condemn the following property: "1-2 half doz. common chairs, one iron bedstead and pair of bed springs, one kitchen safe, one gasoline stove, one cook stove, one 50 gallon syrup boiler, one corn sheller, one grits mill, one ten-horse-power gasoline engine." The act of 1917 codified in Park's Code Supp., vol. 11 (1922), § 448 (oooo), provides as follows: "All apparatus or appliances which are used for the purpose of distilling or manufacturing any of the liquors or beverages specified in this Article are hereby declared to be contraband, and no corporation, firm or individual shall have any property right in or to the same, and whenever said apparatus or appliances so used or about to be used for the purpose of manufacturing, using, holding or containing any of the liquors or beverages specified in this Article are found or discovered by any sheriff, deputy sheriff, or other executing officer of this State, the same shall be summarily destroyed and rendered useless by him without any formal order of the court. All vehicles and conveyances of every kind and description which are used on any of the public roads or private ways of this State, and all boats and vessels of every kind and description which are used in any of the waters of this State in conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer, who shall report the same to solicitor of the county, city or superior court having jurisdiction in the county where the seizure was made, whose duty it shall be within ten days from the time he received said notice to institute condemnation proceedings in said court by petition, a copy of which shall be served upon the owner or lessee if known, and if the owner or lessee is unknown notice of such proceedings shall be published once a week for two weeks in the newspaper in which the sheriff's advertisements are published. If no defense is

filed within thirty days from the filing of the petition, judgment by default shall be entered by the court at chambers, otherwise the case shall proceed as other civil cases in said court. Should it appear upon the trial of the case that said vehicle, conveyance, boat, or vessel was so used with the knowledge of the owner or lessee, the same shall be sold by order of the court after such advertisement as the court may direct. The proceeds arising from said sale shall be applied as follows:

" *a.* To the payment of the expenses in said cause, including the expenses incurred in the seizure.

" *b.* One-third of the remainder to the officer making the seizure and furnishing the proof.

" *c.* To the payment of the costs of the court, which shall be the same as now allowed by law in cases of forfeiture of recognizance.

" *d.* The remainder, if any, shall be paid into the county treasury to be held as a separate fund to be paid out under order of the court as insolvent costs in other cases arising from the violation of any of the provisions of this Article: Provided, that in any county of this State in which any of the officers of either the county, city or superior courts are now on a salary, or hereafter placed on a salary, such remainder of the funds applicable to the payment of insolvent costs of such officer or officers shall be retained in the general fund of, and become the property of such county."

*H. S. White,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.